DON C. TOMPKINS AND DIANE C. TOMPKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tompkins v. Commissioner
Docket No. 1654-86
United States Tax Court
T.C. Memo 1989-363; 1989 Tax Ct. Memo LEXIS 362; 57 T.C.M. (CCH) 1048; T.C.M. (RIA) 89363; July 25, 1989
Frederick R. Schumacher, for the petitioner. George Bowden and Richard Goldman, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below: OPINION OF THE SPECIAL TRIAL JUDGE [1]
WOLFE, Special *363 Trial Judge: This case is before the Court on petitioners' Motion For Leave To File Motion To Revise Decision. Petitioners have lodged a Motion To Revise Decision with their Motion For Leave. Petitioners urge this Court to revise or vacate the decision which was entered pursuant to a stipulation. Petitioners contend that their motion was filed only a few days after the expiration of the time for filing a motion to revise decision under Rule 162, that after such expiration of time petitioners' counsel was advised by petitioners' accountant of an error in the computation of tax, that a revenue agent failed to allow a deduction for accounting services paid by one of petitioners as a general partner, and that petitioners' counsel's signature to the stipulation for decision had been affixed without his authorization. Respondent asserts that petitioners merely have changed their minds about an overall settlement which they negotiated over a substantial period of time and which properly was executed on their behalf. Respondent contends that petitioners' arguments amount, at best, to a claim of unilateral mistake and that there is no valid reason to allow the filing of petitioners' *364 motion to revise decision. Respondent determined deficiencies in petitioners' Federal income taxes for 1980 and 1981 in the amounts of $ 7,814 and $ 50,049, respectively. Respondent determined additions to tax for 1981 under section 6653(a)(1) in the amount of $ 2,502 and under section 6653(a)(2) in an amount equal to 50% of the interest due on $ 50,049. Petitioners were residents of Glendora, California when they filed their petition on January 21, 1986. Respondent's answer was filed on March 24, 1986. After negotiations and correspondence, by letter dated December 22, 1987, counsel for petitioners accepted the proposed offer set forth in a letter from respondent's Appeals Officer dated December 3, 1987. Respondent's offer provided: We are offering to settle the Continental Defense Technology Ltd. investors' cases. The terms of the proposed settlement are specified below. The Government is willing to settle the Continental Defense Technology issues under the following terms: (1) The investors be allowed a deduction for their net cash invested in the year paid. (2) Any penalties raised be waived in full by the Government. (3) The taxpayer concedes the schedule C *365 expenses for "fees". If you wish to accept this offer within 30 days from the date shown above provide this office with copies of cancelled checks or other evidence to support your actual cash payments. Acceptance of the offer of settlement may only be made by written communication addressed to the undersigned within the designated period. Petitioners' counsel forwarded this offer to petitioners by letter in which he emphasized the need for copies of all cancelled checks evidencing petitioners' payments to the partnership. By letter dated December 22, 1987, indicating receipt of the requested checks from petitioners, counsel accepted respondent's settlement offer as follows: Pursuant to your letter of December 3, 1987, we are enclosing herewith copies of cancelled checks, both front and back, as proof of Mr. and Mrs. Tompkins' cash investment in Continental Defense Technology. Mr. and Mrs. Tompkins are hereby accepting your settlement offer re this case. Please prepare the decision documents and forward to this office for execution. Thank you very much. This case initially was set for trial at a session commencing February 29, 1988, but trial was continued because petitioners' *366 counsel was engaged in other litigation in this Court on that date. On February 29, 1988, respondent forwarded a proposed stipulation of settlement to effect the previous agreement. The stipulation was signed by or for petitioners' counsel on March 2, 1988, and for respondent on March 18, 1988. This Court entered a decision on March 29, 1988, pursuant to stipulation of the parties, that there are deficiencies in petitioners' income taxes for 1980 and 1981 in the respective amounts of $ 7,814 and $ 45,408 and that there are no additions to tax. Petitioners' counsel filed a Motion For Leave To File Motion To Revise Decision on May 9, 1988. Respondent filed a Notice of Objection and at the hearing on petitioners' motion each party presented oral argument and documentary evidence. In the offer in settlement respondent explicitly allowed petitioner 30 days to provide "copies of cancelled checks or other evidence to support your actual cash payments." Also, the settlement offer provided that petitioners conceded the Schedule C expenses for "fees." The settlement was accepted for petitioners. Now, after the time specified in the settlement agreement, petitioners want to provide additional *367 evidence as to their cash investment in the partnership and urge that they should be allowed additional amounts for fees despite the explicit statements with respect to these matters in the settlement. We conclude that respondent is correct that petitioners simply wish to reconsider their agreement. In Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988), this Court held that a unilateral error by counsel, in the absence of misrepresentation by the adverse party, was not a sufficient ground to vacate a settlement agreement. As to the unilateral error upon which petitioners rely to urge us to grant leave to file their motion to revise decision, the Stamm case is controlling. Even if the motion had been filed timely, we would not revise the decision because of petitioners' alleged unilateral error in entering into the settlement and stipulation. As to the matter of computations, if there was an error in the computation of tax, it too was a unilateral error. Petitioners' arguments for benefits of income averaging are based on claims for allowance of the very deductions they conceded in the settlement. These supposed questions of computation are in reality *368 only another way for petitioners to urge trial of the fact questions already decided by stipulation. In a Rule 155 proceeding, we are not required to hear new evidence to resolve computation questions, Paccar, Inc. v. Commissioner, 849 F.2d 393, 399-400 (9th Cir. 1988), and we are not required to hear such evidence here, where the decision is based on the stipulation of the parties. This case differs from Kelley v. Commissioner, F.2d (9th Cir., June 7, 1989), revg. on other grounds and remanding a Memorandum Opinion of this Court to allow amendment of a petition to raise the issue of income averaging. Here, we are not concerned with amendments of a petition nor with mere computations but with petitioners' effort to change their minds and gain a trial of fact issues they previously stipulated. Petitioners also urge that the settlement and stipulation were not properly executed on their behalf. There is no dispute that petitioners' counsel was authorized to act on their behalf. The letter accepting respondent's offer to settle the case and the later stipulation of settlement as well as related correspondence bear the signature of petitioners' counsel. He has *369 explained that he operated a one-attorney, one-secretary office, that he often was absent from the office because of business travel requirements and that his secretary was authorized to sign his name. Petitioners' counsel has explained that there was a miscommunication in his office among himself, his secretary and his clients (petitioners). Petitioners' counsel further explained that his secretary had authority to sign his name to decision documents prepared by respondent, but she did not have general authority to run his practice in his absence. He argues that his secretary (or "administrative assistant") was not authorized to execute the letter accepting respondent's offer to settle the case so, despite her authority to execute stipulations to decisions, the executed stipulation here should be considered invalid. Petitioners' counsel's secretary did not testify since she was no longer employed by him and, in his words, "therefore, she is unavailable." In our view petitioners' counsel gave his secretary substantial authority to act for him and even sign his name to documents resolving disputes with respondent. An authorization "is interpreted in light of all accompanying *370 circumstances." 1 Restatement, Agency 2d, sec. 34 (1958). The arrangement in question was established to satisfy the special needs of petitioners' counsel and he must accept the consequences here. Under all the circumstances of this case, the signature affixed to the acceptance of respondent's offer and the stipulation for decision was the authorized signature of petitioners' counsel. Petitioners have failed to present any valid reason for us to grant their Motion For Leave To File Motion To Revise Decision. Petitioners' motion is denied. An appropriate order will be issued. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩